IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-127-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM HAYWOOD HOUCK, | ) | |
| | ) | |
| Defendant. | ) | |

On May 15, 2013, this court held William Haywood Houck's ("Houck") sentencing hearing arising from Houck's guilty plea to conspiracy to distribute and possess with the intent to distribute more than 100 grams or more of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). See [D.E. 59]; Sentencing Tr. [D.E. 68] 36–40. Initially, the court calculated Houck's total offense level to be 21, his criminal history category to be IV, and his advisory guideline range to be 60 to 71 months. See Sentencing Tr. 6–7. The court then granted the government's motion for an upward departure under U.S.S.G. § 4A1.3 and increased Houck's criminal history category to VI. See id. 7–30. When the court coupled Houck's criminal history category of VI with Houck's offense level of 21, Houck's advisory guideline range became 77 to 96 months. See id. 30. After considering all relevant factors under section 3553(a), the court sentenced Houck to 90 months' imprisonment. See id. 36–40.

On January 12, 2015, Houck (proceeding pro se) moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). See [D.E. 99]. On February 1, 2015, Houck (through counsel) moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. Amendment 782, and requested a 73-month sentence. See [D.E. 101]. On August 7, 2015, the government responded in opposition to reducing Houck's sentence in light of public safety concerns arising from Houck's

lengthy criminal history and history of recidivism. See [D.E. 111] 3–4. On August 26, 2015, Houck replied. See [D.E. 114].

Under U.S.S.G. § 1B1.10(b)(1) and Amendment 782, and after considering the upward departure, Houck's amended total offense level is 19, his criminal history category is VI, and his advisory guideline range is 63 to 78 months. See U.S.S.G. § 1B1.10(b)(1); U.S.S.G. § 1B1.10 cmt. n.2–3. Moreover, the court recognizes its discretion to reduce Houck's sentence. See, e.g., United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).

In deciding whether to reduce Houck's sentence, the court notes that Houck engaged in an extensive heroin conspiracy and has a lengthy criminal history and a terrible history of recidivism. See PSR [D.E. 50] ¶¶ 8–16, 20–27. As for Houck's criminal history and history of recidivism, Houck has convictions for possession of a controlled substance, criminal sale of a controlled substance - 3rd degree felony (two counts), criminal possession of marijuana - 5th degree, attempted criminal possession of a controlled substance - 3rd degree felony, criminal possession of a controlled substance - 3rd degree felony, and possession with intent to sell and deliver heroin. See id. ¶¶ 20–27. Houck's adult criminal history began at age 18 and his last state-court conviction occurred when he was age 34. See id. ¶¶ 20, 27. Houck's relevant criminal conduct leading to his federal conviction took place when Houck was between age 33 and 35. See id. ¶¶ 9–16. Houck's conduct included being arrested on November 21, 2011, being released on bond, and then continuing to deal heroin and PCP. See id. ¶¶ 11–14. Furthermore, although Houck was born June 27, 1976, and is now age 39, Houck has a limited work history. See id. ¶¶ 43–46; Sentencing Tr. 37.

2

The court acknowledges that Houck has been infraction free to date in federal prison and has taken some positive steps while incarcerated. See [D.E. 99-1] 1–23; [D.E. 114] 2–8 & Exs. 1–2; cf. Pepper v. United States, 562 U.S. 476, 491 (2011). Houck, however, was infraction free in state prison in 2010 and 2011, yet returned to drug dealing upon release. See PSR ¶¶ 26–27.

Having (again) reviewed the entire record and all relevant policy statements, the court continues to believe that Houck received the sentence that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a) and believes that reducing Houck's sentence would threaten public safety in light of his serious criminal conduct, his criminal history, and his history of recidivism. Simply put, Houck's serious criminal conduct, lengthy criminal history, and terrible history of recidivism substantially outweigh Houck's conduct in federal prison from May 2013 to date and the policy statements permitting a sentence reduction. Thus, the court denies Houck's motions [D.E. 99, 101]. See, e.g., Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Houck's motions for a sentence reduction [D.E. 99, 101] are DENIED.

SO ORDERED. This **28** day of August 2015.

JAMES C. DEVER III
Chief United States District Judge